IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WINDLE, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 11-1871 |
| v. | : | |
| DOUGLAS P. EARL, | : | |
| Defendant. | : | |

**OPINION**

**Slomsky, J.**                                                                                       **May 14, 2012**

**I.      INTRODUCTION**

This action is based on diversity of citizenship jurisdiction and involves a breach of contract claim between Plaintiff John Windle ("Plaintiff") and Defendant Douglas P. Earl, Esquire ("Defendant").  Presently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  (Doc. No. 10.)  Plaintiff has filed a Response to Defendant's Motion (Doc. No. 12), along with a Motion to Amend the Complaint (Doc. No. 13).

Upon review by the Court of Plaintiff's Response and Motion to Amend the Complaint, a question arose as to whether there was subject-matter jurisdiction over this case on the basis of diversity of citizenship jurisdiction.  Upon request of the Court, the parties submitted briefs regarding the jurisdictional issue.  (Doc. Nos. 15 and 16.)  On February 9, 2012, the Court held a hearing on the jurisdictional question.  (Doc. No. 18.)  Upon consideration of the parties' briefs, exhibits, and arguments at the February 19, 2012 hearing, and for reasons that follow, the Court will dismiss the Complaint pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction.

1

## II.     BACKGROUND

On March 16, 2011, Plaintiff John Windle filed an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 1.) In his application, Plaintiff stated that he owned a home at 2421 West Gordon Street in Philadelphia, Pennsylvania. (Id.) On March 21, 2011, Plaintiff's Motion to proceed IFP was granted. At the time Plaintiff filed his March 16, 2011 application, he was incarcerated at the Fort Dix Federal Correctional Institution ("FCI Ft. Dix") in New Jersey. (See Doc. No. 1.) On April 21, 2011, Plaintiff filed in this case a Notice of Change of Address from the FCI Ft. Dix mailing address to the address of a halfway house located in Philadelphia, Pennsylvania. (Doc. No. 7.) On August 5, 2011, Plaintiff filed another Notice of Change of Address from the halfway house in Philadelphia to 7175 Andrews Street, Philadelphia, Pennsylvania. (Doc. No. 8.) Since the August 5, 2011 Notice of Change of Address, Plaintiff has not filed another notice with this Court that his address has changed. Additionally, according to Plaintiff's driver's license, as of September 24, 2010, Plaintiff considered 7175 Andrews Street to be his home address. (Doc. No. 15 at 5, "Plaintiff [sic] Exhibit C.")

On March 21, 2011, Plaintiff filed the initial Complaint (Doc. No. 3), in which he essentially alleges a claim of "contract fraud" against Defendant Douglas P. Earl, Esquire. The contract at issue here is an agreement dated March 31, 2008, in which Defendant agreed to provide legal representation to Plaintiff regarding a property located on Gordon Street in Philadelphia, Pennsylvania. The contract provides, in relevant part:

> This agreement is made between Marcella Windle [Plaintiff's wife], whose address is 7175 Andrews Avenue, Philadelphia, PA 19138 . . . and Law Office of Douglas P. Earl, P.C., whose office address is 1015 Chestnut Street, Suite 902, Philadelphia, PA 19107. . . .

\* \* \*

> Law Firm is to represent John Windle The Real Property and Improvements Known as 2421-2425 W. Gordon Street, Philadelphia, PA 19132, CP-51-MD-0010220-2007, October Term, 2007 on April 17, 2008 . . . .

(Doc. No. 15 at 4, "Plaintiff's Exhibit B.")

According to Plaintiff, the breach of contract claim arose during Defendant's representation of Plaintiff in a forfeiture action in state court. (Doc. No. 3.) Plaintiff describes the nature of his claims as "contract fraud" (id.), which leaves the impression that in his Complaint Plaintiff may also be alleging a legal malpractice claim. In any event, the forfeiture action involved the building located at 2421-2425 West Gordon Street, Philadelphia, Pennsylvania. (Id.) It is unclear whether the forfeiture matter has concluded.

On October 5, 2011, Defendant filed in this case a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 10.) On November 14, 2011, Plaintiff filed a Response to Defendant's Motion. (Doc. No. 12.) That same day, Plaintiff also filed a Motion to Amend the Complaint. (Doc. No. 13). For reasons discussed below, the Court will dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). The Court will also deny as moot Plaintiff's Motion to Amend the Complaint. (Doc. No. 13.)

### III.   STANDARD

District courts have original subject-matter jurisdiction over civil matters where the parties have diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Section 1332(a) provides, in pertinent part:

3

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between—
>
> (1) citizens of different States . . . .

28 U.S.C. § 1332(a).  At any stage of the proceedings, a challenge to a federal court's subject-matter jurisdiction may be made.  Kontrick v. Ryan, 540 U.S. 443, 455 (2004).  When the challenge has not been raised by the parties but the court has determined that it lacks subject-matter jurisdiction, the court should raise the question *sua sponte*.  Id. (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).  See also Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d. Cir. 1999) ("A federal court has the obligation to address a question of subject[-]matter jurisdiction *sua sponte*.").  The party asserting jurisdiction bears the burden of showing by a preponderance of the evidence that the case is properly before the federal court.  McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1939)).  Here, the burden falls upon Plaintiff.

IV.   **DISCUSSION**

    A.   **Plaintiff's Claims Will Be Dismissed Because There Is No Subject-Matter Jurisdiction**

Plaintiff asserts that this Court has subject-matter jurisdiction to hear the case pursuant to 28 U.S.C. § 1332, with the amount in controversy in excess of $125,000.  (Doc. No. 3 ¶ 8.)  As stated in the Complaint, "Plaintiff [sic] citizenship . . . at the inception of the instant attorney contract fraud March 2008 [sic], shows the plaintiff [sic] full time location at the Albany County Correctional Facility, 840 Albany Shaker Road, Albany, New York 12211."  (Id. ¶ 9.)  The

Complaint also states, "Defendant attorney [sic] citizenship . . . at the inception of the instant attorney contract fraud March 2008 [sic], shows the defendant [sic] law office location, at attorney Douglas P. Earl, 1015 Chestnut Street, Suite 902, Philadelphia, Pa 19107." (Id. ¶ 10.) As discussed below, these facts do not establish that this Court has subject-matter jurisdiction over this case.

For purposes of diversity of citizenship jurisdiction, "what establishes citizenship is residence coupled with an intention to make the state of residence one's home, either permanently or indefinitely." Bradley v. Zissimos, 721 F. Supp. 738, 739 (E.D. Pa. 1989) (citing Gilbert v. David, 235 U.S. 561, 569-70 (1914)); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) (*cert. denied*, 419 U.S. 842 (1974)). Accordingly, the particular state in which a person lives at the time a cause of action arises is not enough. Bradley v. Zissimos, 721 F. Supp. at 739. Moreover, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)). In determining a prisoner's citizenship, a prisoner retains the domicile he or she had at the time of incarceration. See Tumminello v. Bergen Evening Record, Inc., 454 F. Supp. 1156, 1158 (D.N.J. 1978).

In addition, when determining an individual's domicile, a court considers many factors, such as "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." McCann, 458 F.3d at 286 (internal quotations omitted). A court can also consider "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." Id.

The Court has considered the above factors. The evidence does not establish that Plaintiff and Defendant were domiciled in different states to satisfy diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). Here, Plaintiff's assertion of diversity of citizenship jurisdiction is based on his incarceration in a facility in the State of New York. For reasons discussed below, this factual averment is not enough to establish diversity of citizenship jurisdiction under § 1332(a).

When Plaintiff filed his application for IFP status, he noted that he owns a property in Philadelphia, Pennsylvania, namely, "A house at 2421 W. Gordon Street, Phila. PA 19132." (Doc. No. 1.) On Plaintiff's application he also noted, "FAMILY USE HOME WITH NO INCOME." (Id.) The address of the home disclosed on Plaintiff's IFP application is the same as the address of the building that was the subject of the forfeiture action. Also, since Plaintiff has been released from incarceration, his two change of address notifications have been to locations in Philadelphia, Pennsylvania. Further, the driver's license issued to Plaintiff on September 24, 2010 lists as his home address a location in Philadelphia, Pennsylvania. At the time of incarceration, the facts show that Plaintiff was domiciled as a matter of law in Philadelphia, Pennsylvania and not Albany, New York, where he was incarcerated.

The Court finds that Plaintiff retained his domicile in the Commonwealth of Pennsylvania at the time of his incarceration for several reasons. First, Plaintiff owned the home on Gordon Street in Philadelphia, Pennsylvania, at the time he was incarcerated. The forfeiture of this home was the reason Plaintiff's wife entered into a contractual arrangement with Defendant while Plaintiff was incarcerated. Second, Plaintiff stated in his application for IFP status that his family used the home located on Gordon Street in Philadelphia, Pennsylvania.

Third, following his release from prison, Plaintiff filed two notices of change of address with this Court, and both changed his address to locations in Philadelphia, Pennsylvania, including 7175 Andrews Street.  Fourth, Plaintiff's driver's license states that his home address is the Andrews Street location in Philadelphia, Pennsylvania, even though this address is different from the Gordon Street Property subject to the forfeiture action.  Thus, it is clear that Plaintiff had no intention to remain in New York following his incarceration because the record demonstrates that Plaintiff's familial and property ties were located in Philadelphia, Pennsylvania.  From the evidence in the record, it is clear that his intent was to make Philadelphia, Pennsylvania his home.  Finally, a prisoner retains the domicile he had at the time of incarceration.

Consistent with the above law, Plaintiff did not intend to remain in Albany, New York. Consequently, because the evidence shows that Plaintiff was not domiciled in the State of New York at the time of his incarceration, and because Defendant at all pertinent times was a citizen of the Commonwealth of Pennsylvania, the Court lacks subject-matter jurisdiction to consider the merits of this case because diversity of citizenship jurisdiction is not present here. Accordingly, Defendant's Motion to Dismiss will be granted, although pursuant to Federal Rule of Civil Procedure 12(h)(3) rather than Rule 12(b)(6).[1]

---

[1] As noted above, Plaintiff has filed a Motion to Amend the Complaint.  (Doc. No. 13.) Ordinarily, leave to amend a complaint should be given freely in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, or futility of an amendment. Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15).  Here, Plaintiff's proposed amendments only lend support to the contract claims against Defendant.  They do not affect in any way this Court's lack of subject-matter jurisdiction over this case. (Doc. No. 13 ¶¶ 99-101.) Because the new averments do not affect the jurisdictional issue, allowing Plaintiff to amend the Complaint would be futile.  Accordingly, the Motion to Amend the Complaint (Doc. No. 13) will be denied.

B.   **Plaintiff May Litigate His Claims in State Court Pursuant to 42 Pa. Cons. Stat. Ann. § 5301**

Although Plaintiff's claims have been dismissed here for lack of subject-matter jurisdiction, Plaintiff may still seek relief in state court. The Commonwealth of Pennsylvania has codified this right to seek relief in state court under 42 Pa. Cons. Stat. Ann. § 5103(a) and (b). The statute provides as follows:

> **(a) General rule**.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.
>
> **(b) Federal cases.--**
>
> (1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).
>
> (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified

> transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

In examining this statute, the Superior Court of Pennsylvania has held that:

> It is evident from the clear and unambiguous language of 42 Pa. C.S.A. § 5103(a) and (b), that if a matter is originally filed within the statute of limitations in the federal court, but is dismissed for lack of jurisdiction by the federal court, the litigant may then effect a transfer of the action to state court by complying with the provisions set forth in 42 Pa. Cons. Stat. Ann. § 5301(b)(2).

Williams v. F.L. Smithe Mach. Co., Inc., 577 A.2d 907, 909 (Pa. Super. Ct. 1990). That court further noted as follows:

> It is also clear from a reading of 42 Pa. C.S.A. § 5103 that, in order for the statute to apply to prevent a litigant from losing the opportunity to litigate his case on the merits simply because he is in error regarding federal jurisdiction, it is not necessary that the federal court transfer the case or take other action following the determination that federal jurisdiction is absent. All that is required is an order entered by the federal court dismissing the matter for lack of jurisdiction. It is then incumbent upon the litigant to take further action under the statute to move the case to state court.

Id.

In light of the above, it is clear that a dismissal of Plaintiff's case in federal court may not end the litigation because Plaintiff may bring his claim in state court as long as the claim in federal court was timely filed. As previously noted, Plaintiff's claim involves a breach of contract and a potential legal malpractice action. (Doc. No. 3.) Thus, Plaintiff's claims implicate two separate limitations periods: one for breach of contract, and another for professional negligence. In Pennsylvania, "it is undisputed that the two-year limitations period applies to the

9

negligence claim and the four-year limitations period applies to the breach of contract claim." Wachovia Bank, N.A. v. Ferretti, 935 A.2d 565, 571 (Pa. Super. 2007) (citing 42 Pa. Cons. Stat. §§ 5524(3), 5525).

Here, the contract entered into from which Plaintiff's claims arose is dated March 31, 2008. (Doc. No. 15 at 4, "Plaintiff's Exhibit B.") Plaintiff filed an application for IFP status on March 16, 2011 (Doc. No. 1), and the Complaint on March 21, 2011 (Doc. No. 3). Plaintiff's limitations period expired on the negligence claim on March 31, 2010 and this claim appears to be untimely. However, the limitations period for the breach of contract claim expired on March 31, 2012. Because Plaintiff filed his application for IFP status and the Complaint before the limitations period expired on his breach of contract claim, the breach of contract claim was timely commenced in federal court. Accordingly, Plaintiff has the option of filing a complaint in state court on his breach of contract claim and continuing to litigate that portion of his case.[2]

## V. CONCLUSION

For the above reasons, Plaintiff's Complaint will be dismissed for lack of subject-matter jurisdiction. However, if Plaintiff so chooses, he may effect a transfer of his case from federal court to state court by following the procedure set forth in 42 Pa. Cons. Stat. Ann. § 5301.

An appropriate Order follows.

---

[2] To transfer the action to state court, 42 Pa. Cons. Stat. Ann. § 5103(b)(2) requires that Plaintiff "file[] a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth." However, Plaintiff must effect transfer and file a claim in state court in a prompt manner. See Williams v. F.L. Smithe Mach. Co., Inc., 577 A.2d 907, 910 (Pa. Super. Ct. 1990) ("[A] litigant, upon having his case dismissed in federal court for lack of jurisdiction, must promptly file a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action."); Kelly v. Hazleton General Hosp., 837 A.2d 490, 495 (Pa. Super. Ct. 2003).